a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRYANT GRIFFIN, Petitioner | CIVIL DOCKET NO. 1:20-CV-1068-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Bryant Griffin ("Griffin") (#16480-041). Griffin is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Griffin challenges his conviction and sentence for unlawful possession of a firearm.

Because Griffin does not meet the requirements of the savings clause of 28 U.S.C. § 2255(e), the Petition (ECF Nos. 1, 5) should be DISMISSED for lack of jurisdiction.

I. Background

Griffin was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Griffin*, 545 F. App'x 583, 584 (8th Cir. 2013). Following the conviction, a presentence report ("PSR") was prepared, which indicated that Griffin had 13 adult convictions, four of which were predicate offenses under the Armed Career Criminal Act ("ACCA"): "(1) attempted terroristic threats, (2) third-degree sale of narcotics, (3) second-degree sale of three grams or more of

cocaine/heroin/meth within a 90–day period, and (4) second-degree sale of three grams or more of cocaine/heroin/meth within a 90–day period." *Id.* at 584. The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting in an advisory Guidelines range of 262 to 327 months of imprisonment. The total offense level was based on application of the ACCA provision, U.S.S.G. § 4B1.4(b)(3), which establishes a base offense level of 34 "if the defendant used or possessed the firearm . . . in connection with . . . a crime of violence, as defined in § 4B1.2(a)." *Id.* at 584-585. The PSR concluded that "the defendant used or possessed the firearm in connection with a crime of violence, specifically, the Aggravated Assault on the bus when the defendant pulled the firearm from his pocket and yelled at the other passengers." This same conduct also increased Griffin's criminal history from category V to category VI. *Id.* at 558.

Prior to sentencing, Griffin objected to his classification as an armed career criminal, arguing that: (1) his conviction for attempted terroristic threats did not qualify as a violent felony under the ACCA; (2) his two convictions for second-degree sale of three grams or more of cocaine/heroin/meth within a 90–day period should count as a single conviction because they were consolidated for sentencing purposes; and (3) U.S.S.G. § 4B1.4(b)(3)(A) did not apply because the jury did not find him guilty of committing aggravated assault. *Id.* at 585. The Government agreed with the PSR's advisory Guidelines calculation and requested a 300–month sentence.

The district court declined to apply § 4B1.4(b)(3)(A). Instead, the district court found that the base offense level was 33 under U.S.S.G. § 4B1.4(b)(3)(B) and the

ACCA provision that does not require that a defendant use or possess a firearm in connection with a crime of violence. *Id.* Because the district court did not apply § 4B1.4(b)(3)(A), Griffin's criminal history category dropped from VI to V, resulting in an advisory Guidelines range of 210 to 262 months of imprisonment. *Id.* at 585.

The court sentenced Griffin to 240 months of imprisonment. *Id.* Griffin appealed, arguing that his sentence was substantively unreasonable, and his Sixth Amendment rights were violated by application of the ACCA. *Id.* The conviction and sentence were affirmed, and the United States Supreme Court denied Griffin's writ application. *Griffin v. United States*, 572 U.S. 1028 (2014).

Griffin filed a motion to vacate under 28 U.S.C. § 2255, arguing that: (1) his Sixth Amendment rights were violated because his sentence was enhanced under the ACCA based on facts that were not presented to a jury; (2) the court did not limit its inquiry to the proper documents in determining that prior convictions were separate offenses for the purposes of the ACCA; (3) the conviction for attempted terroristic threats should not have been counted as a violent felony conviction under the ACCA; and (4) he received ineffective assistance of counsel because counsel failed to investigate Griffin's prior convictions to show that they did not all qualify as predicates under the ACCA. *United States v. Griffin*, 12-CR-123, 2015 WL 1000673, at *1–2 (D. Minn. Mar. 6, 2015).

The trial court found that Griffin's first argument was meritless for the reasons provided on direct appeal. *Id.* (citing *U.S. v. Griffin*, 545 F. App'x 583, 587 (8th Cir. 2013). The second argument was barred because Griffin did not raise it on appeal.

3

*Id.* (citing *Ramey v. U.S.*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice.")). The court determined that even without the conviction for terroristic threats, Griffin still had three other qualifying convictions under the ACCA. *Id.* Finally, the court found that Griffin could not establish ineffective assistance because the record "clearly shows that counsel argued both that the attempted terroristic threats conviction should not be included as a predicate offense and that the two second degree drug offenses should be counted as one offense." *Id.*

Griffin sought authorization to file a second or successive § 2255 motion from the United States Court of Appeals for the Eighth Circuit based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the ACCA's residual clause is unconstitutionally vague. *Griffin v. United States*, No. 16-2169 (8th Cir.). The Government responded that Griffin was "properly sentenced as an Armed Career Criminal without regard to the now-stricken residual clause." *Id.* at Doc. 4402478. Griffin's request for authorization was denied. *Id.* at Doc. 4435258.

Griffin filed a second § 2255 motion in the trial court, arguing that his sentence violated § 922(g) under *Rehaif v. United States*, 139 S.Ct. 2191, 2194 (2019). *See United States v. Griffin*, 12-CR-123, (D. Minn.), ECF No. 114. The motion was dismissed for lack of jurisdiction because Griffin had not obtained authorization from the Eighth Circuit to file a second or successive § 2255 motion. *Id.* at ECF No. 117.

Griffin is currently seeking authorization from the Eighth Circuit to file a second or successive § 2255 motion based on *Rehaif*. In his § 2241 Petition here, Griffin also argues that his conviction is unlawful under *Rehaif*.

## II.  Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The requirements of the savings clause of § 2255(e) were established in *Reyes–Requena*. A petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904; *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Griffin argues that he may proceed under the savings clause because *Rehaif* announced a new rule of statutory law that applies retroactively. Although the Supreme Court and the Fifth Circuit Court of Appeals have not addressed whether *Rehaif* applies retroactively in § 2255 or § 2241 cases on collateral review, the Eleventh Circuit and numerous district courts—including courts within the Fifth Circuit—have determined that *Rehaif* is not retroactively applicable in either instance. *See* In re *Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020) (*Rehaif* does not apply retroactively to satisfy the savings clause); *Hobgood v. United States*, 4:20-

CV-1, 2020 WL 710149, at *2 (E.D. Tenn. Feb. 12, 2020) (*Rehaif* does not apply retroactively on collateral review); *Hunter v. Quintana*, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (same); *Nixon v. United States*, 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (Petitioner cannot meet requirements of *Reyes-Requena* through *Rehaif*); *Moss v. Dobbs*, 8:19-CV-02280, 2019 WL 7284989, at *7 (D.S.C. Sept. 23, 2019), *report and recommendation adopted*, 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Because *Rehaif* is not retroactively applicable to cases on collateral review, Griffin cannot meet the first requirement of the savings clause.

Even if *Rehaif* applied retroactively, Griffin's claim would still fail because *Rehaif* would not establish that Griffin was "actually innocent" of the § 922(g) charge. In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Rehaif*, 139 S.Ct. at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under 18 U.S.C. § 922(g) and § 924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g),

7

the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

Griffin does not allege or even suggest that he was unaware of his status as a convicted felon. *See, e.g.,* Gray v. United States, 3:19-CV-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020) ("While *Rehaif* was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction."). Therefore, even if *Rehaif* applies retroactively, it does not establish that Griffin was actually innocent of the § 922(g) conviction.

### III. Conclusion

Because Griffin cannot meet the requirements of the savings clause of § 2255(e), IT IS RECOMMENDED that the § 2241 Petition (ECF Nos. 1, 5) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Griffin's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy

---

[1] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, November 5, 2020

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE